Smith *v.* Cottrel.

JOSEPH H. SMITH *v.* SAMUEL E. COTTREL.

1. PLEADING AND EVIDENCE. *In action upon an open account which has been assigned.* It is a rule of the common law, recognized in this State, that by the purchase of an open account, the purchaser acquires merely an equitable interest, and the promise of the debtor, to the purchaser, is necessary to enable him to maintain an action at law in his own name. Therefore, if the purchaser of such account brings suit thereon in his own name, both the assignment and the promise to pay the account to the assignee must be averred in the declaration, otherwise no material or traversable issue is tendered thereby.

  Case cited : *Mount Olivet Cemetery Co.* v. *Shubart,* 2 Head, 120.

·2. SAME. *In case of duress. Matter in avoidance.* The assignee of a debt or chose in action may avail himself of the fact of duress, operating on the assignor just as the assignor might have done in a suit by or against himself; but a replication to a plea of payment, denying the payment, does not authorize proof that the payment was accepted under duress. The duress, in such cases, is matter in avoidance, which must be specifically pleaded.

FROM CLAIBORNE.

Appeal from the Circuit Court. J. H. RANDOLPH, Judge.

ROSE for Smith.

No counsel marked for Cottrel.

TURNEY, J., delivered the opinion of the court.

The declaration is upon " an account for six hun--dred dollars for eight hundred bushels of corn, sold by Fountain Cottrel to defendant, on the 1st of December, 1861, and the account assigned to plaintiff.

And on an account for fifty-five bushels of corn sold by Marshal Cottrel to the defendant, on the 1st of December, 1861, and delivering the same."

It is a rule of common law, recognized in this State in *Mount Olivet Cemetery Co.* v. *Shubart*, 2 Head, 120, and other cases there cited, that by the purchase of an open account the purchaser acquires merely an equitable interest in it, and the promise of the debtor to the purchaser is necessary to enable him to maintain an action at law in his own name.

It is the promise to pay that gives the right of action, and the suit in his own name by the assignee must be in affirmance of and based upon the promise, and as of course the promise to pay must be averred in the declaration, otherwise no material or traversable issue is tendered thereby.

In this case the declaration not only omits to aver a promise, but as to one account fails to aver an assignment.

Mr. Chitty defines pleading to be the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action, or the defendant's ground of defense. It is the formal mode of alleging that that on record would be the support of the action or the defense of the party in evidence. It is, as observed by Mr. Justice Butler, "one of the first principles of pleading, that there is only occasion to state *facts*, which must be done for the purpose of informing the court, whose duty it is to declare the law arising upon these facts, and of apprising the opposite party of what is meant to be proved, in order to give

him an opportunity to answer or traverse it. The grand object contemplated by the system is the production of a certain and material issue between the parties upon some important part of the subject matter of dispute between them."

This rule, which is not abolished by the Code but left in full force, is in nothing obscured in this declaration. The promise, the indispensable . fact to the plaintiff's right of action, is not stated. Without it, the other facts are immaterial.

The ordinary issue upon the plea of payment, does not authorize proof tending to show duress. Matter of defense which admits facts stated in a declaration or plea but avoids them, must be specially pleaded. Here the replication is a denial of the payment, and imposes upon the defendant the burden of proving the payment without more, and gives to him notice of the purpose of the plaintiff to avoid the payment by proof of duress.

The assignee of a debt or chose in action may avail himself, under a proper state of pleading, of the fact of duress operating upon the assignor just as the assignor might have done in a suit against himself. The facts as presented in the record do not make a case of duress under the rules several times announced by this court.

Reverse the judgment.